# IN THE CIRCUIT COURT OF TENNESSEE FOR CHEATHAM COUNTY AT ASHLAND CITY

**RAYMOND LEE MORLOCK, JR.,**

    Plaintiff,

vs.

**CEDRIC ALONZO ALEXANDER and SWIFT TRANSPORTATION SERVICES, LLC,**

    Defendants.

No. 6765

**JURY DEMAND**

FILED MAR 16 2022
Julie Hibbs
Circuit Court Clerk

I hereby certify this to be a full, true, and perfect copy 3/16 20__
Clerk/D.C.
Julie Hibbs
Circuit Court Clerk

## COMPLAINT

COMES NOW the Plaintiff, Raymond Lee Morlock, Jr., by and through counsel, and for his cause of action would respectfully show unto this Court the following:

### I. PARTIES

1. The Plaintiff, Raymond Lee Morlock, Jr., is a citizen and resident of Davidson County, Tennessee.

2. The Defendant, Cedric Alonzo Alexander (herein after Defendant Driver), is a citizen and resident of Los Angeles County, California, and said Defendant is subject to the jurisdiction and venue of this Court by virtue of having operated a motor vehicle involved in the collision which is the subject of this action and in the county complained of herein.

3. The Defendant, Swift Transportation Services, LLC (hereinafter Defendant Owner), is a Limited Liability Company, with a principal address of 2200 S. 75th Avenue, Phoenix, Arizona 85043-7410, and said Defendant is subject to the jurisdiction and venue of this Court by virtue of having owned the motor vehicle operated by its employee, which was involved in the collision which is the subject of this action.

EXHIBIT A

## II. JURISDICTION AND VENUE

4. The Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages he sustained as a result of a motor vehicle collision on or about August 6, 2021 in Ashland City, Cheatham County, Tennessee.

5. Subject matter jurisdiction is proper pursuant to T.C.A. §16-10-101.

6. Venue in Cheatham County, Tennessee, is proper by virtue of T.C.A. §20-4-101.

## III. FACTUAL ALLEGATIONS

7. The motor vehicle collision which is the subject of this action occurred on August 6, 2021, on Tennessee Waltz Parkway, Ashland City, Tennessee.

8. At all times relevant to this Complaint, the Plaintiff was operating his vehicle in a safe and prudent manner.

9. At all times relevant to this action, Plaintiff was exercising the requisite degree of care for his own safety.

10. At all times relevant to this action, the Plaintiff's vehicle was traveling was traveling north on Tennessee Waltz Parkway.

11. At all times relevant to this action, the Defendant was traveling west out of the AO Smith company driveway, approaching the intersection with Tennessee Waltz Parkway.

12. At all times relevant to this Complaint, Defendant Driver was operating Defendant Owner's vehicle with Defendant Owner's permission.

13. At the aforesaid time and place, as the Plaintiffs' vehicle proceeded north bound on Tennessee Waltz Parkway when the Defendant failed to stop or remain stopped for oncoming traffic, thereby causing the vehicle he was driving to collide with the Plaintiff's vehicle.

14. At all times relevant to this Complaint, Defendant Driver was the agent, servant, and/or employee of Defendant Owner. Defendant Driver was operating the aforementioned vehicle with the permission of Defendant Owner and/or while acting within the course and scope of his agency, servitude, and/or employment.

15. As a result of the described collision, the Plaintiffs sustained and continue to suffer from severe bodily injuries, including the aggravation and/or exacerbation of underlying, pre-existing and/or dormant conditions.

## IV. DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

16. The Plaintiff avers that Defendant Driver was guilty of the following acts of common law negligence, in that he failed to:
    a. maintain the vehicle he was operating under proper and reasonable control;
    b. maintain a proper lookout for other vehicles on the roadway;
    c. drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway;
    d. see that which was there to be seen and take proper action with respect thereto;
    e. to stop at a stop sign, and drove into the intersection and into the automobile driven by the Plaintiff.

17. The Plaintiff avers that that Defendant Driver was negligent in violating the following statutes of the State of Tennessee which were in full force and effect at the time and place of the collision, constituting negligence per se:
    a. The Defendant failed to obey traffic laws in violation of T.C.A. § 55-8-103.
    b. The Defendant turned left at an intersection, failing to yield right of way to the Plaintiff's vehicle, which was approaching from the opposite direction so close as to constitute a hazard, which conduct on the part of the Defendant constituted a

violation of T.C.A. § 55-8-129.

c. The Defendant failed to stop and yield the right of way upon entering a through highway when traffic was approaching so closely as to constitute a hazard, which action constituted a violation of T.C.A. § 55-8-130.

d. The Defendant failed to exercise due care as is required by T.C.A. § 55-8-136(b).

e. The Defendant drove his vehicle in willful and wanton disregard for the safety of persons property in violation of T.C.A. § 55-10-205.

f. The Defendant turned left, failing to yield the right of way to the Plaintiff's vehicle, which was approaching from the opposite direction and within the intersection or so close as to constitute an immediate hazard in violation of T.C.A. § 55-8-129.

18. Defendant Driver was the agent, servant, and/or employee of Defendant Owner, and he was acting within the course and scope of such agency, servitude and/or employment at the time of the collision which is the subject of this action. Defendant Owner is vicariously liable for the negligence of Defendant Driver and the Plaintiff's injuries and damages as alleged herein.

19. Defendant Owner has the negligence of Defendant Driver imputed to it as the registered owner of the vehicle being driven at the time of the subject collision.

20. Defendant Owner is subject to the prima facie evidence of ownership. (Tenn. Code Ann. §55-10-311).

21. Defendant Owner is subject to the registration of the vehicle as prima facie evidence of ownership. (Tenn. Code. Ann. § 55-10-312).

22. Defendant Owner negligently entrusted its vehicle in question to Defendant Driver and/or negligently supervised said Defendant's use of its vehicle.

## V. CAUSATION

23. The Plaintiff avers that Defendant Driver owed a duty of safe, careful and lawful driving to the Plaintiff, but he breached that duty and was negligent on the date of the collision. The negligence of the Defendant as set forth above, directly and proximately caused the collision and resulted in injuries to the Plaintiff, and the damages and losses here sought by the Plaintiff.

24. As a direct and proximate result of the negligence of Defendant Driver and the direct and/or imputed negligence of Defendant Owner, the Plaintiff suffered serious, disabling, painful and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses and to suffer impairment to his body.

## VI. DAMAGES

25. As a direct and proximate result of the Defendants' negligence, the Plaintiff alleges that he is entitled to damages, including but not limited to the following specific items of damages:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Health care expenses, both past and future;

    d. Loss of enjoyment of life;

    e. Permanent impairment and partial disability;

    f. Property damage;

    g. Costs of this cause; and

    h. All other general damages and other relief allowed under the laws of the State of Tennessee to which he may be entitled.

WHEREFORE, THE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

A.  For process to issue and be served upon the Defendants, requiring the Defendants

to answer the allegations hereof;

      B.     For a money judgment in favor of the Plaintiff against the Defendants, and each of them, for compensatory damages in an amount not to exceed $500,000.00 for the personal injury and disability suffered by the Plaintiff as the proximate result of the Defendants' negligence.

      C.     For costs to be taxed to the Defendants.

      D.     For such other, further, and general relief to which he may be entitled under the law.

Respectfully submitted,

*[signature]*

Rhonda R. (Crabtree) Meyers, BPR# 022058
*Attorneys for Plaintiff*
150 South Main Street
Ashland City, TN 37015
(615) 792-2885

| Cheatham County | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | Case Number<br>6765 |
|---|---|---|

Raymond Lee Morlock, Jr. vs. Cedric Alonozo Alexander and Swift Transportation Services, LLC

Served On: Swift Transportation: National Registered Agents, Inc. 300 Montvue Rd. Knoxville, TN 37919-5541

You are hereby summoned to defend a civil action filed against you in __Circuit__ Court, __Cheatham__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 3/16/22

Clerk / Deputy Clerk

FILED
MAR 16 2022
Julie Hibbs
Circuit Court Clerk

Attorney for Plaintiff: Rhonda R. (Crabtree) Meyers
150 S. Main St. Ashland City, TN 37015

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, _____, Deputy Clerk of Cheatham County do certify this to be a true and correct copy of the original summons issued in this case.

Date: 3/16/22

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____ By: _____
Please Print: Officer, Title

Agency Address _____ Signature _____

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff _____
Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.

Rev. 03/11

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Araceli Deleon
Swift Transportation Services, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

SOP Transmittal # **541321945**

Entity Served: SWIFT TRANSPORTATION SERVICES, LLC (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TENNESSEE on this 31 day of March, 2022. The following is a summary of the document(s) received:

1. **Title of Action:** Re: RAYMOND LEE MORLOCK, JR., // To: SWIFT TRANSPORTATION SERVICES, LLC
2. **Document(s) Served:** Other: --
3. **Court of Jurisdiction/Case Number:** None Specified
   Case # 6765
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   ___ Personally served by: ___ Process Server ___ Law Enforcement ___ Deputy Sheriff ___ U. S Marshall
   
   _X_ Delivered Via: _X_ Certified Mail ___ Regular Mail ___ Facsimile
   
   ___ Other (Explain):
6. **Date of Receipt:** 03/31/2022
7. **Appearance/Answer Date:** None Specified
8. **Received From:** None Specified
9. **Carrier Airbill #** 1ZY041160190412757
10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, Anne Rowell anne_rowell@swifttrans.com

Email Notification, Araceli Deleon Araceli_Deleon@swifttrans.com

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**          CopiesTo:

888-579-0286 - Telephone
865-546-9808 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by Amy McLaren
ORIGINAL

**Business Services Division**
Secretary of State Tre Hargett



**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102

CERTIFIED MAIL

9489 0090 0027 6425 7745 39

SWIFT TRANSPORTATION
300 MONTVUE RD
: R/A NATIONAL REG AGENTS, INC
KNOXVILLE, TN 37919

37919385510 0033

US POSTAGE ~ PITNEY BOWES
ZIP 37243 $ 006.33
02 4W
0000371068 MAR 29 2022





**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

03/29/2022

SWIFT TRANSPORTATION
AKA/POE: R/A NATIONAL REG AGENTS, INC
300 MONTVUE RD
KNOXVILLE, TN 37919

RE: RAYMOND LEE MORLOCK JR

VS: CEDRIC ALONZO ALEXANDER ET AL

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

*Tre Hargett*
Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**
SOS Summons #: 12143480
Case #: 676S
Certified #: 9489009000276425774539

SS-4214 (Rev. 8/15)

RDA 1003